1  MICHAEL J. BIDART #60582
2  RICARDO ECHEVERRIA #166049
   **SHERNOFF BIDART**
3  **ECHEVERRIA BENTLEY LLP**
4  600 South Indian Hill Boulevard
   Claremont, CA 91711
5  Telephone: (909) 621-4935
6  Facsimile: (909) 625-6915

7

8  Attorneys for Defendants and Counterclaimants,
9  MGA ENTERTAINMENT, INC. and ISAAC LARIAN

10

11                    UNITED STATES DISTRICT COURT

12        CENTRAL DISTRICT OF CALIFORNIA - Southern Division

13

14  NATIONAL UNION FIRE              Case No.: SACV12-00943 DOC
    INSURANCE COMPANY OF             (RNBx)
15  PITTSBURGH, PA, LEXINGTON
16  INSURANCE COMPANY,               DEFENDANTS', MGA
    CHARTIS SPECIALTY                ENTERTAINMENT, INC. AND
17  INSURANCE COMPANY                ISAAC LARIAN, ANSWER AND
18  (FORMERLY AMERICAN               COUNTERCLAIM FOR:
    INTERNATIONAL SPECIALTY
19  LINES INSURANCE), AND CRUM
20  & FORSTER SPECIALTY              1. BREACH OF THE IMPLIED
    INSURANCE COMPANY                   COVENANT OF GOOD FAITH
21                                      AND FAIR DEALING
22            Plaintiffs,
23                                   2. DECLARATORY RELIEF
         vs.
24
25  MGA ENTERTAINMENT, INC., and
26  ISAAC LARIAN.
27            Defendants
28

                              - 1 -
     DEFENDANTS', MGA ENTERTAINMENT, INC. AND ISAAC LARIAN, ANSWER AND
                          COUNTERCLAIM

1  MGA ENTERTAINMENT, INC. and
2  ISAAC LARIAN, an individual.

3  Counterclaimants,

4
5          vs.

6  NATIONAL UNION FIRE
7  INSURANCE COMPANY OF
   PITTSBURGH, PA, LEXINGTON
8  INSURANCE COMPANY, CHARTIS
9  SPECIALTY INSURANCE COMPANY
   (FORMERLY AMERICAN
10 INTERNATIONAL SPECIALTY
11 LINES INSURANCE), AND CRUM &
   FORSTER SPECIALTY INSURANCE
12 COMPANY
13
14         Counterdefendants.

15

16     Defendants, MGA Entertainment, Inc. and Isaac Larian (collectively

17 "MGA") answer the complaint for declaratory relief of Plaintiffs as follows:

18         1.    Answering paragraph 1 of the complaint, MGA admits all allegations

19 therein.

20         2.    Answering paragraph 2 of the complaint, MGA admits all allegations

21 therein.

22         3.    Answering paragraph 3 of the complaint, MGA admits all allegations

23 therein.

24         4.    Answering paragraph 4 of the complaint, MGA admits all allegations

25 therein.

26         5.    Answering paragraph 5 of the complaint, MGA admits all allegations

27 therein.

28



SHERNOFF BIDART
ECHEVERRIA BENTLEY
LAWYERS FOR INSURANCE POLICYHOLDERS

DEFENDANTS', MGA ENTERTAINMENT, INC. AND ISAAC LARIAN, ANSWER AND
COUNTERCLAIM

1      6.      Answering paragraph 6 of the complaint, MGA admits all allegations
2   therein.

3      7.      Answering paragraph 7 of the complaint, MGA admits all allegations
4   therein.

5      8.      Answering paragraph 8 of the complaint, MGA admits all allegations
6   therein.

7      9.      Answering paragraph 9 of the complaint, MGA admits all allegations
8   therein.

9      10.     Answering paragraph 10 of the complaint, MGA admits all allegations
10   therein.

11      11.     Answering paragraph 11 of the complaint, MGA admits only that the
12   quoted language is contained within the "Lexington Policies," but denies all other
13   allegations contained therein.

14      12.     Answering paragraph 12 of the complaint, MGA admits only that the
15   quoted language is contained within the "Lexington Policies," but denies all other
16   allegations contained therein.

17      13.     Answering paragraph 13 of the complaint, MGA admits only that the
18   quoted language is contained within the "Lexington Policies," but denies all other
19   allegations contained therein.

20      14.     Answering paragraph 14 of the complaint, MGA denies the
21   allegations contained therein.

22      15.     Answering paragraph 15 of the complaint, MGA admits all allegations
23   contained therein.

24      16.     Answering paragraph 16 of the complaint, MGA admits only that the
25   quoted language is contained within the "2001 Policy," but denies all other
26   allegations contained therein.

27

28

SHERNOFF BIDART
ECHEVERRIA BENTLEY
LAWYERS FOR INSURANCE POLICYHOLDERS

- 3 -

1    17.    Answering paragraph 17 of the complaint, MGA admits only that the

2    quoted language is contained within the "2001 Policy," but denies all other

3    allegations contained therein.

4    18.    Answering paragraph 18 of the complaint, MGA admits only that the

5    quoted language is contained within the "2001 Policy," but denies all other

6    allegations contained therein.

7    19.    Answering paragraph 19 of the complaint, MGA denies the

8    allegations contained therein.

9    20.    Answering paragraph 20 of the complaint, MGA admits all allegations

10   contained therein.

11   21.    Answering paragraph 21 of the complaint, MGA admits only that the

12   quoted language is contained within the "2002 Policy," but denies all other

13   allegations contained therein.

14   22.    Answering paragraph 22 of the complaint, MGA admits only that the

15   quoted language is contained within the "2002 Policy," but denies all other

16   allegations contained therein.

17   23.    Answering paragraph 23 of the complaint, MGA admits only that the

18   quoted language is contained within the "2002 Policy," but denies all other

19   allegations contained therein.

20   24.    Answering paragraph 24 of the complaint, MGA denies the

21   allegations contained therein.

22   25.    Answering paragraph 25 of the complaint, MGA admits that the

23   "2001 Policy, the 2002 Policy and the Lexington Policies" as defined by the

24   complaint are referred to in the complaint as "Member Companies' Policies."

25   26.    Answering paragraph 26 of the complaint, MGA admits the

26   allegations contained therein.

27

28

- 4 -

1       27.   Answering paragraph 27 of the complaint, MGA admits only that the

2 quoted language is contained within the "Crum & Forster Policies," but denies all

3 other allegations contained therein.

4       28.   Answering paragraph 28 of the complaint, MGA admits only that the

5 quoted language is contained within the "Crum & Forster Policies," but denies all

6 other allegations contained therein.

7       29.   Answering paragraph 29 of the complaint, MGA admits only that the

8 quoted language is contained within the "Crum & Forster Policies," but denies all

9 other allegations contained therein.

10       30.   Answering paragraph 30 of the complaint, MGA denies the

11 allegations contained therein.

12       31.   Answering paragraph 31 of the complaint, MGA admits that Mattel

13 made such claims, but denies each and every claim or allegation made by Mattel in

14 the "Mattel Litigation."

15       32.   Answering paragraph 32 of the complaint, MGA admits that Mattel

16 made such claims, but denies each and every claim or allegation made by Mattel in

17 the "Mattel Litigation."

18       33.   Answering paragraph 33 of the complaint, MGA admits the

19 allegations contained therein.

20       34.   Answering paragraph 34 of the complaint, MGA admits the

21 allegations contained therein.

22       35.   Answering paragraph 35 of the complaint, MGA admits the

23 allegations contained therein.

24       36.   Answering paragraph 36 of the complaint, MGA admits the

25 allegations contained therein.

26       37.   Answering paragraph 37 of the complaint, MGA admits the

27 allegations contained therein.

28

SHERNOFF BIDART
ECHEVERRIA BENTLEY
LAWYERS FOR INSURANCE POLICYHOLDERS

- 5 -

1    38.    Answering paragraph 38 of the complaint, MGA admits the
2    allegations contained therein.

3    39.    Answering paragraph 39 of the complaint, MGA admits the
4    allegations contained therein.

5    40.    Answering paragraph 40 of the complaint, MGA admits the
6    allegations contained therein.

7    41.    Answering paragraph 41 of the complaint, MGA admits the
8    allegations contained therein.

9    42.    Answering paragraph 42 of the complaint, MGA admits the
10   allegations contained therein.

11   43.    Answering paragraph 43 of the complaint, MGA admits the
12   allegations contained therein.

13   44.    Answering paragraph 44 of the complaint, MGA admits the
14   allegations contained therein.

15   45.    Answering paragraph 45 of the complaint, MGA admits that
16   Lexington agreed to defend MGA in connection with the Mattel Litigation
17   pursuant to a letter dated May 15, 2008, but denies that the letter effectuated a "full
18   reservation of all of Lexington's rights."

19   46.    Answering paragraph 46 of the complaint, MGA admits that National
20   Union and Chartis Specialty agreed to participate in the defense of MGA in
21   connection with the Mattel Litigation pursuant to letters dated July 8 and 9, 2008,
22   but denies that those letters effectuated "complete reservation[s]" of their rights.

23   47.    Answering paragraph 47 of the complaint, MGA admits the
24   allegations contained therein.

25   48.    Answering paragraph 48 of the complaint, MGA admits the
26   allegations contained therein.

27   49.    Answering paragraph 49 of the complaint, MGA admits the
28   allegations contained therein.

DEFENDANTS', MGA ENTERTAINMENT, INC. AND ISAAC LARIAN, ANSWER AND
COUNTERCLAIM

SHERNOFF BIDART
ECHEVERRIA BENTLEY
LAWYERS FOR INSURANCE POLICYHOLDERS

1     50.     Answering paragraph 50 of the complaint, MGA admits the

2   allegations contained therein.

3     51.     Answering paragraph 51 of the complaint, MGA admits the

4   allegations contained therein.

5     52.     Answering paragraph 52 of the complaint, MGA denies the

6   allegations contained therein.

7     53.     Answering paragraph 53 of the complaint, MGA admits that it

8   submitted various invoices to the Member Companies for the defense of Mattel

9   Litigation and that Crum & Forster and the Member Companies made payments to

10   MGA for the defense of the Mattel Litigation, but denies all other allegations

11   contained therein.

12     54.     Answering paragraph 54 of the complaint, MGA is without sufficient

13   knowledge or information to form a belief as to the truth of the allegations

14   regarding which "certain invoices" are being referred to in this paragraph, and on

15   that basis denies the allegations contained therein.

16     55.     Answering paragraph 55 of the complaint, MGA admits that

17   paragraphs 1-54 of the complaint are incorporated into the First Cause of Action.

18     56.     Answering paragraph 56 of the complaint, MGA admits only that the

19   Member Companies and Crum & Forster have made payments to MGA in

20   connection with the Mattel Litigation, but denies all other allegations contained

21   therein.

22     57.     Answering paragraph 57 of the complaint, MGA admits only that it

23   obtained an award in the Mattel Litigation, but denies all other allegations

24   contained therein.

25     58.     Answering paragraph 58 of the complaint, MGA denies the

26   allegations contained therein.

27     59.     Answering paragraph 59 of the complaint, MGA admits that

28   paragraph 1 – 54 are incorporated into the Second Cause of Action.

SHERNOFF BIDART
ECHEVERRIA BENTLEY
LAWYERS FOR INSURANCE POLICYHOLDERS

- 7 -

DEFENDANTS', MGA ENTERTAINMENT, INC. AND ISAAC LARIAN, ANSWER AND
COUNTERCLAIM

1    60.    Answering paragraph 60 of the complaint, MGA admits only that the

2 Member Companies and Crum & Forster have made payments to MGA in

3 connection with the Mattel Litigation, but denies all other allegations contained

4 therein.

5    61.    Answering paragraph 61 of the complaint, MGA admits only that it

6 obtained an award in the Mattel Litigation, but denies all other allegations

7 contained therein.

8    62.    Answering paragraph 62 of the complaint, MGA admits that the

9 quoted language appears in the Crum & Forster Policies, but denies all other

10 allegations contained therein.

11    63.    Answering paragraph 63 of the complaint, MGA admits only that the

12 Member Companies and Crum & Forster have made payments to MGA in

13 connection with the Mattel Litigation, but denies all other allegations contained

14 therein.

15    64.    Answering paragraph 64 of the complaint, MGA denies the

16 allegations contained therein.

17    65.    Answering paragraph 65 of the complaint, MGA denies the

18 allegations contained therein.

19    66.    Answering paragraph 66 of the complaint, MGA admits that

20 allegations of paragraphs 1-54 are incorporated into the Third Cause of Action.

21    67.    Answering paragraph 67 of the complaint, MGA admits only that the

22 Member Companies and Crum & Forster have made payments to MGA in

23 connection with the Mattel Litigation, but denies all other allegations contained

24 therein.

25    68.    Answering paragraph 68 of the complaint, MGA denies the

26 allegations contained therein.

27    69.    Answering paragraph 69 of the complaint, MGA admits the

28 allegations contained therein.

DEFENDANTS', MGA ENTERTAINMENT, INC. AND ISAAC LARIAN, ANSWER AND
COUNTERCLAIM

SHERNOFF BIDART
ECHEVERRIA BENTLEY
LAWYERS FOR INSURANCE POLICYHOLDERS

1        70.    Answering paragraph 70 of the complaint, MGA denies the

2  allegations contained therein.

3        71.    Answering paragraph 71 of the complaint, MGA denies the

4  allegations contained therein.

5        72.    Answering paragraph 72 of the complaint, MGA admits that the

6  allegations in paragraphs 1 – 54 are incorporated into the Fourth Cause of Action.

7        73.    Answering paragraph 73 of the complaint, MGA admits only that the

8  Member Companies and Crum & Forster have made payments to MGA in

9  connection with the Mattel Litigation, but denies all other allegations contained

10  therein.

11        74.    Answering paragraph 74 of the complaint, MGA admits only that the

12  Plaintiffs asserted claims to reimbursement of amounts paid to MGA and that

13  MGA disputed those claims, but denies all other allegations contained therein.

14        75.    Answering paragraph 75 of the complaint, MGA admits only that

15  there is an actual controversy between the parties for purposes of the adjudication

16  of declaratory relief, but denies all other allegations contained therein.

17        76.    Answering paragraph 76 of the complaint, MGA denies the

18  allegations contained therein.

19        77.    Answering paragraph 77 of the complaint, MGA admits that the

20  Plaintiffs demand a jury trial.

21        78.    Answering Plaintiffs' Demand for Relief, MGA denies that the

22  Plaintiffs are entitled to any of the relief demanded.

23

24                  **DEMAND FOR JURY TRIAL**

25        79.    MGA hereby demands a jury trial on Plaintiffs' complaint.

26

27

28

*Left margin:* SHERNOFF BIDART ECHEVERRIA BENTLEY / LAWYERS FOR INSURANCE POLICYHOLDERS

DEFENDANTS', MGA ENTERTAINMENT, INC. AND ISAAC LARIAN, ANSWER AND
COUNTERCLAIM

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State Claim)

1.     Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Failure to Join Necessary Parties)

2.     Plaintiffs have failed to join all necessary and/or indispensable parties under Federal Rules of Civil Procedure Rule 19.

### THIRD AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

3.     The allegations are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

#### (Waiver)

4.     The allegations in the complaint are barred because Plaintiffs have intentionally waived their rights under the applicable insurance policies.

### FIFTH AFFIRMATIVE DEFENSE

#### (Estoppel)

5.     The allegations in the complaint are barred under the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

6.     The allegations in the complaint are barred and Plaintiffs may not obtain the relief sought under the doctrine of unclean hands.

- 10 -

SHERNOFF BIDART
ECHEVERRIA BENTLEY
LAWYERS FOR INSURANCE POLICYHOLDERS

1
## SEVENTH AFFIRMATIVE DEFENSE
2
### (Collateral Estoppel)
3      7.      Plaintiffs' are unable to obtain the relief sought under the doctrine of
4  collateral estoppel.
5
6
## EIGHTH AFFIRMATIVE DEFENSE
7
### (Unripe)
8      8.      Plaintiffs' are unable to obtain the relief sought because the matter is
9  not ripe for adjudication.
10
## NINTH AFFIRMATIVE DEFENSE
11
### (Common Fund Doctrine)
12     9.      Plaintiffs' are unable to obtain the relief sought because of the
13  common fund doctrine.
14
15
## TENTH AFFIRMATIVE DEFENSE
16
### (Made Whole Rule)
17     10.    Plaintiffs' are unable to obtain the relief sought because of the Made
18  Whole Rule.
19
## ELEVENTH AFFIRMATIVE DEFENSE
20
### (Superior Equities Rule)
21     11.    Plaintiffs' are unable to obtain the relief sought because of the Rule of
22  Superior Equities.
23
24
## **PRAYER FOR RELIEF**
25  **WHEREFORE**, Defendants pray as follows:
26     1.      That Plaintiffs take nothing by reason of their complaint, that
27  judgment be rendered in favor of Defendant;
28

DEFENDANTS', MGA ENTERTAINMENT, INC. AND ISAAC LARIAN, ANSWER AND COUNTERCLAIM

1          2.     That Defendant be awarded costs of suit incurred in defense of

2    this action; and

3          3.     For such other relief as the Court deems proper.

4

5    Date:  August 8, 2012              SHERNOFF BIDART
                                        ECHEVERRIA BENTLEY LLP
6

7

8                                       By _____
                                          MICHAEL J. BIDART
9                                         RICARDO ECHEVERRIA
                                          Attorneys for Defendants, MGA
10                                        ENTERTAINMENT, INC. and ISAAC
11                                        LARIAN

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS', MGA ENTERTAINMENT, INC. AND ISAAC LARIAN, ANSWER AND
COUNTERCLAIM

## COUNTERCLAIMS

MGA Entertainment, Inc. and Isaac Larian (collectively "MGA"), for their counterclaim against National Union Fire Insurance Company Of Pittsburgh, Pa ("National Union") Lexington Insurance Company ("Lexington"), and Chartis Specialty Insurance Company, formerly known as American International Specialty Lines Insurance Company  ("Chartis")(Chartis, National Union, and Lexington are herein after referred to collectively as "The Member Companies"), and Crum & Forster Specialty Insurance Company, ("C&F") alleges as follows:

### I.

### INTRODUCTION

1.    MGA is a toy manufacturer based in Southern California and brings these counterclaims against counterdefendants, The Member Companies and C&F (collectively "Plaintiffs"), for breach of the implied covenant of good faith and fair dealing and declaratory relief.  These counterclaims are made in connection with Plaintiffs' complaint which seeks a determination that the Plaintiffs are entitled to reimbursement from the award in the *Mattel* Litigation.  However, the Plaintiffs breached their insurance contracts with MGA and also breached the implied covenant of good faith and fair dealing with MGA.  Plaintiffs conduct toward MGA was, and is, wrongful.  Accordingly, Plaintiffs are not entitled to the relief sought by their complaint, and MGA is entitled to damages for the harm caused by Plaintiffs' unreasonable and wrongful conduct.

### II.

### JURISDICTION AND VENUE

2.    This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the citizenship of the parties is diverse.

3.    The amount in controversy exceeds $75,000, exclusive of interest and costs.

4.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(a), (c)-

- 13 -

DEFENDANTS', MGA ENTERTAINMENT, INC. AND ISAAC LARIAN, ANSWER AND COUNTERCLAIM

SHERNOFF BIDART
ECHEVERRIA BENTLEY
LAWYERS FOR INSURANCE POLICYHOLDERS

1   (d).

2                               **III.**

3                         **THE PARTIES**

4        5.      Counterclaimant MGA is, and at all relevant times was, a closely held

5   California Subchapter-S corporation, incorporated and duly existing in California.

6   MGA is a family-owned toy manufacturer, with its principal place of business in

7   Van Nuys, California.  MGA is the successor in interest to ABC International

8   Traders, Inc. ("ABC").

9        6.      Counterclaimant Isaac Larian is, and at all relevant times was, a

10  resident of California and the President, Chief Executive Officer, and majority

11  shareholder of MGA.

12       7.      Counterdefendant National Union is, and at all relevant times was, a

13  Pennsylvania corporation with a principal place of business located in New York,

14  New York.

15       8.      Counterdefendant Chartis is an Illinois corporation that maintains its

16  principal place of business in New York, New York.

17       9.      Counterdefendant Lexington is a Massachusetts corporation with its

18  principal place of business in Boston, Massachusetts.

19       10.     Counterdefendant C&F is an Arizona corporation that maintains its

20  principal place of business in Morristown, New Jersey.

21                               **IV.**

22                  **THE INSURANCE POLICIES**

23       11.     Lexington issued to MGA Commercial General Liability Policies,

24  Policy No. 0308552 and Policy no. 0350122, for the periods January 1, 2006 to

25  January 1, 2007 and January 1, 2007 to January 1, 2008, respectively.  The

26  Lexington Policies are attached as Exhibits A and B to Plaintiffs' complaint.

27

28

DEFENDANTS', MGA ENTERTAINMENT, INC. AND ISAAC LARIAN, ANSWER AND
COUNTERCLAIM

SHERNOFF BIDART
ECHEVERRIA BENTLEY
LAWYERS FOR INSURANCE POLICYHOLDERS

12.    National Union issued to MGA Commercial Umbrella Liability Policy, Policy No. BE 740-82-85, for the period January 1, 2001 to January 1, 2002. The National Union Policy is attached as Exhibits C to Plaintiffs' complaint.

13.    Chartis issued to ABC a Commercial Umbrella Liability Policy, Policy No. BE 7413666, for the period January 1, 2002 to January 1, 2003. The Chartis Policies is attached as Exhibits D to Plaintiffs' complaint. The Lexington, National Union, and Chartis Policies are collectively referred to as "The Member Companies' Policies."

14.    C&F issued to MGA Commercial General Liability Policies, Policy Nos. GLO 0000222, GLO 011079, GLO 0500151, for the periods January 1, 2003 to January 1, 2004, January 1, 2004 to January 1, 2005, and January 1, 2005 to January 1, 2006, respectively. The C&F Policies are attached as Exhibits E, F, and G, respectively, to Plaintiffs' complaint.

15.    The Member Companies' Policies and the C&F Policies each carried an implied covenant of good faith and fair dealing.

## V.

## THE PLAINTIFFS' WRONGFUL CONDUCT

16.    Mattel Inc. ("Mattel") brought suit against MGA in the *Mattel* Litigation, and MGA tendered the lawsuit to Plaintiffs in response.

17.    In respect to MGA's tenders, the Plaintiffs unreasonably refused to defend MGA forcing MGA to file suit against the Plaintiffs to obtain benefits under the Plaintiffs' Policies.

18.    The court ruled on Summary Judgment Motions that MGA was entitled to a defense in the *Mattel* Litigation.

19.    The Plaintiffs breached their duties to MGA by failing to promptly accept MGA's tenders of defense. Moreover, the Plaintiffs unreasonably required MGA to litigate with the Plaintiffs over its rights, and their duties, under the Plaintiffs' Policies.

- 15 -

1     20.    MGA has yet to be made whole in the *Mattel* Litigation or receive any

2  award from Mattel, and yet the Plaintiffs are attempting to deprive MGA of its

3  ability to be made whole in their complaint by seeking reimbursement before any

4  award is affirmed.

5     21.    The Plaintiffs conduct toward MGA breached the implied covenant of

6  good faith and fair dealing and was inequitable.  Accordingly, the Plaintiffs are not

7  entitled to the equitable relief sought in this matter.

8     22.    The Plaintiffs' have now unreasonably sought reimbursement, which

9  is, at a minimum, premature since MGA's claims against Mattel are still on appeal

10  and not final.

11     23.    MGA has not yet received any financial benefit of the trial court

12  award in its favor, and it remains to be seen whether it will receive any sums for

13  which reimbursement could be claimed by Plaintiffs.  Accordingly, it is impossible

14  for the Court to fashion a declaration of the rights as between the parties through

15  this action.

16     24.    Plaintiffs' attempt to seek reimbursement in this action is

17  unreasonable and is a breach of the implied covenant of good faith and fair dealing.

18     25.    Plaintiffs' unreasonable conduct has forced MGA to retain attorneys

19  to defend against these allegations.

20     26.    Plaintiffs' unreasonable conduct has also damaged MGA's business in

21  the form of consequential economic damages.

22     27.    Plaintiffs' unreasonable conduct has also damaged Isaac Larian in the

23  form of emotional distress.

24              **FIRST CLAIM FOR RELIEF**

25    **(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

26          **(Against All Counterdefendants)**

27     28.    Counterclaimants allege and incorporate by reference each and every

28  preceding paragraph in support of this claim for relief.

SHERNOFF BIDART
ECHEVERRIA BENTLEY
LAWYERS FOR INSURANCE POLICYHOLDERS

DEFENDANTS', MGA ENTERTAINMENT, INC. AND ISAAC LARIAN, ANSWER AND
COUNTERCLAIM

29.     Plaintiffs have breached their duty of good faith and fair dealing owed to Counterclaimants in filing this declaratory relief action when Plaintiffs were aware that the issues being asserted were premature, thus causing Counterclaimants substantial prejudice.  Plaintiffs' conduct unreasonably failed to give at least as much consideration to the interests of its insured as it gave its own interests and unreasonably put their interests before the interests of their insured.

30.     As a further proximate result of the unreasonable and bad-faith conduct of Plaintiffs, Counterclaimants were compelled to retain legal counsel to obtain the benefits due under the policy.  Therefore, Plaintiffs are liable to Counterclaimants for those attorney's fees reasonably necessary, and incurred and/or paid by Counterclaimants in order to obtain benefits under the policies in a sum to be determined at the time of trial.

31.     Plaintiffs acted in a conscious disregard of Counterclaimants' rights and interests.  Plaintiffs acted willfully to deprive MGA of policy benefits in favor of their own financial interests.  Plaintiffs' conduct constitutes (1) malice, (2) oppression, or (3) fraud within the meaning of California Civil Code § 3294. Accordingly, MGA seeks an award of punitive damages in an amount appropriate to punish past conduct and deter Plaintiffs from continuing said conduct.

32.     Plaintiffs' conduct described herein was undertaken by the corporate officers or managing agents of Plaintiffs, who were responsible for claims supervision and operations, underwriting, communications and/or decisions.  The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of the corporate Plaintiffs.  Said corporate Plaintiffs further had advance knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized and approved by managing agents.

33.     Plaintiffs' unreasonable and bad-faith conduct is the legal cause of the substantial harm and damage Counterclaimants suffered, including general and special damages, interest, and other economic and consequential damages.

- 17 -

DEFENDANTS', MGA ENTERTAINMENT, INC. AND ISAAC LARIAN, ANSWER AND COUNTERCLAIM

1    34.    Plaintiffs' unreasonable and bad-faith conduct is the legal cause Isaac

2  Larian's substantial and severe emotional distress.

3

4                    **SECOND CLAIM FOR RELIEF**

5                        **(Declaratory Judgment)**

6                    **(Against All Counterdefendants)**

7    35.    Counterclaimants allege and incorporate by reference each and every

8  preceding paragraph in support of this claim for relief.

9    36.    A present and actual controversy between Counterclaimant and

10 Counterdefendants exists in that Counterdefendants' seek a determination that they

11 are entitled to reimbursement from the Mattel Award whereas Counterclaimants

12 contends that Counterdefendants are not entitled to the requested reimbursement.

13    37.    Counterclaimant requests a declaration from this Court that

14 Counterdefendants are not and may not obtain reimbursement for the fees and

15 costs paid in connection with the representation of MGA in the *Mattel* Litigation

16 from MGA's recovery of such attorneys' fees and costs as the District Court has

17 ordered or will hereafter order be paid by Mattel.

18                    **DEMAND FOR JURY TRIAL**

19    38.    Counterclaimants hereby demand a jury trial on their counterclaims

20 against Plaintiffs.

21                      **PRAYER FOR RELIEF**

22         WHEREFORE, Counterclaimants pray for judgment against Plaintiffs

23 as follows:

24    1.    For economic damages proximately caused by Plaintiffs' conduct;

25    2.    For reasonable attorneys' attorney fees, witness fees, and costs of

26         litigation incurred and/or paid by MGA to obtain the policy benefits in

27         an amount to be determined at trial;

28

DEFENDANTS', MGA ENTERTAINMENT, INC. AND ISAAC LARIAN, ANSWER AND
COUNTERCLAIM

SHERNOFF BIDART
ECHEVERRIA BENTLEY
LAWYERS FOR INSURANCE POLICYHOLDERS

3. Punitive and exemplary damages in an amount appropriate to punish or set an example of Plaintiffs;

4. For Isaac Larian, damages for emotional distress;

5. For costs of suit;

6. For a declaration of rights and obligations of the parties under the insurance policy in question; and

7. For such other and further relief as the Court deems just and proper.

Date: August 8, 2012

SHERNOFF BIDART ECHEVERRIA BENTLEY LLP

By _____

MICHAEL J. BIDART
RICARDO ECHEVERRIA
Attorneys for Defendants and Counterclaimants, MGA ENTERTAINMENT, INC. and ISAAC LARIAN

DEFENDANTS', MGA ENTERTAINMENT, INC. AND ISAAC LARIAN, ANSWER AND COUNTERCLAIM

MGA adv. National Union Fire, et al.
Case No.: CV 12-0943 DOC

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 600 South Indian Hill Boulevard, Claremont, California 91711.

On **August 8, 2012**, I served the foregoing documents described as DEFENDANTS', MGA ENTERTAINMENT, INC. AND ISAAC LARIAN, ANSWER AND COUNTERCLAIM on the interested parties in this action by placing __ the original XX_ a true copy thereof enclosed in sealed envelopes addressed as follows:

### PLEASE SEE ATTACHED SERVICE LIST

[XX] BY MAIL I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Claremont, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

[] ELECTRONIC MAIL SERVICE Pursuant to an Order of the District Court.

[] BY FACSIMILE ("FAX") In addition to the manner of service indicated above, a copy was sent by FAX to the parties indicated on the service List.

[] BY OVERNIGHT MAIL/COURIER To expedite service, copies were sent via FEDERAL EXPRESS.

[] BY PERSONAL SERVICE I caused to be delivered such envelope by hand to the individual(s) indicated on the service list.

[] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[XX] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **August 8, 2012**, at Claremont, California.

DEBBIE HUNTER

MGA adv. National Union Fire, et al.
Case No.:  CV 12-0943 DOC

## SERVICE LIST

William A. Hanssen, Esq.
Suzanne V. Stouder, Esq.
DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1400
Los Angeles, CA  90067
(310) 203-4000
FAX:  (310)229-1285
William.hanssen@dbr.com
Suzanne.stouder@dbr.com

Attorneys for Defendants
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,
LEXINGTON INSURANCE COMPANY,
CHARTIS SPECIALTY INSURANCE
COMPANY (FORMERLY AMERICAN
INTERNATIONAL SPECIALTY LINES
INSURANCE)

Susan J. Field, Esq.
MUSICK PEELER & GARRETT LLP
One Wilshire Boulevard, Suite 2000
Los Angeles, CA 90017
(213) 629-7600
FAX:  (213) 624-1376
s.field@mpglaw.com

Attorneys for Defendant
CRUM & FORSTER SPECIALTY
INSURANCE COMPANY

Jennifer M. Kokes, Esq.
MUSICK PEELER & GARRETT LLP
650 Town Center Drive, Suite 1200
Costa Mesa, CA 92626-
(714) 668-2400
FAX:  (714) 668-2490
j.kokes@mpglaw.com

Attorneys for Defendant
CRUM & FORSTER SPECIALTY
INSURANCE COMPANY